UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>PRESTON D. STRINGER, )<br>)<br>Defendant. ) | Cause No. 1:04-cr-0177-01 (JMS/TAB) |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

This matter is before the undersigned U. S. Magistrate Judge pursuant to the Orders entered by the Honorable Jane Magnus-Stinson, Judge, on August 22, 2012, designating the Criminal Duty Magistrate Judge to conduct hearings on the Petition for Summons or Warrant for Offender Under Supervision, filed with the Court on August 22, 2012, and to submit to Judge Stinson proposed Findings of Facts and Recommendation for disposition under Title 18 U.S.C. §§3401(i) and 3583(e).

All proceedings in this matter were held on August 30, 2012, pursuant to Title 18 U.S.C. §3583, and Rule 32.1(a)(1) of the *Federal Rules of Criminal Procedure*.[1]  The government appeared by Winfield Ong, Assistant United States Attorney. The defendant appeared in person and by appointed counsel, Bill Dazey, Office of the Indiana Federal Community Defender.  U. S. Parole and Probation appeared by Patrick Jarosh,  U. S. Parole and Probation officer, and  participated  in  the proceedings.

---

[1] All proceedings are recorded by suitable sound recording equipment unless otherwise noted.  *See*, Title 18, United States Code, Section 3401(e).

The Court conducted the following procedures in accordance with Rule 32.1(a)(1) *Federal Rules of Criminal Procedure* and Title 18 U.S.C. §3583:

1. That Bill Dazey, the Indiana Federal Community Defender, appointed counsel, was present to represent Mr. Stringer in regard to the Petition for Revocation of Supervised Release, filed on August 22, 2012.

2. A copy of the Petition for Revocation of Supervised Release was provided to Mr. Stringer and his counsel who informed the Court that they had read and understood the specifications of the alleged violations and waived further reading thereof.

3. Mr. Stringer was advised of his right to a preliminary hearing and its purpose in regard to the alleged specified violations of his supervised release contained in the pending Petition.

4. That Mr. Stringer would have a right to question witnesses against him at the preliminary hearing unless the Court, for good cause shown, found that justice did not require the appearance of a witness or witnesses.

5. That Mr. Stringer had the opportunity to appear at the preliminary hearing and present evidence on his own behalf.

6. That if the preliminary hearing resulted in a finding of probable cause that Mr. Stringer had violated the alleged condition or conditions of supervised release set forth in the Petition, he would be held for a revocation hearing before the undersigned Magistrate Judge, in accordance with Judge Stinson's designation on August 22, 2012.

7. Mr. Stringer stated his readiness to waive the preliminary hearing regarding the Petition under consideration. Mr. Stringer then waived, in writing, the preliminary hearing and he was held to answer.

8. Mr. Stringer, by counsel, stipulated that he committed the specification of violations set forth in the Petition for Warrant or Summons for an Offender Under Supervision. The violations admitted to are as follows:

| Violation Number | Nature of Noncompliance |
| --- | --- |
| 1 | **"The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer."** |
| | On July 27, 2012, this officer inquired via telephone where the offender was located. The offender refused to follow the instruction of this officer and declined to provide his location. |
| 2 | **"The defendant shall notify the probation officer at least ten days prior to any change in residence or employment."** |
| | On July 27, 2012, this officer completed a home visit to the offender's last reported address. During the visit, this officer spoke with the offender's wife. She reported the offender had not stayed at the residence the previous evening. The offender's wife advised the offender had no property or clothing at the apartment. She indicated she was in the process of filing for a divorce. |
| 3 | **"The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician."** |
| | On July 22, 1012, Howard County Sheriff's deputies encountered the offender. He was very slow and unable to respond to their verbal commands. He was handcuffed for his and the officer's safety. He submitted to a portable alcohol test and registered .122% alcohol level. |

| | |
|---|---|
| **4** | **"The defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer."** |
| | On July 28, 2012, Howard County Community Corrections offices encountered the offender at the residence of Jeremy Wilson, who is under their supervision following a conviction for felony Resisting Law Enforcement. Wilson also has felony convictions for Dealing in Cocaine, Habitual Traffic Violator, and Possession of a Controlled Substance. Permission was not granted for the offender to have contact with this felon. |
| **5** | **"The defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer."** |
| | On July 27, 2012, the offender refused to disclose his present location; therefore, preventing this officer from having personal contact with him. |
| **6** | **"The defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer."** |
| | On July 22, 2012, the offender had contact with law enforcement and was questioned regarding a domestic dispute with his wife. The offender failed to contact this officer regarding this contact. |

9. The Court then placed Mr. Stringer under oath and inquired directly of him whether he admitted the violations of the specifications of his supervised release set forth above. Mr. Stringer stated that he admitted the above violations of his supervised release as set forth.

Counsel for the parties further stipulated to the following:

(1) Mr. Stringer has a relevant criminal history category of VI. *See,* U.S.S.G. §7B1.4(1).

(2) The most serious grade of violation committed by Mr. Stringer constitutes a Grade C violation, pursuant to U.S.S.G. §7B1.1(b).

(3) Pursuant to U.S.S.G. §7B1.(a) upon revocation of supervised release the range of imprisonment applicable to Mr. Stringer is 8-14 months.

(4) The parties did not agree as to the disposition of this case.

10. The defendant, by counsel, and the government each presented evidence regarding appropriate disposition of the case.

The Court having heard the evidence and/or arguments of Mr. Stringer, his counsel and the government, **NOW FINDS** that Mr. Stringer violated the specified conditions of supervised release as delineated above in the Petition to Revoke his supervised release.

Mr. Stringer's supervised release is therefore **MODIFIED** to add a special condition to his supervised release that Mr. Stringer will consume no alcoholic beverages, and that he participate in alcohol treatment. He will also be subject to electronic monitoring for six months. After his electronic monitoring is complete, the defendant will be subject to the supervised release imposed at sentencing.

You are hereby notified that the District Judge may reconsider any matter assigned to a Magistrate Judge pursuant to Title 28, U.S.C. §636(b)(1)(B) and (C) and Rule 72(b) of the *Federal Rules of Civil Procedure*. You shall have within fourteen days after being served a copy of this Report and Recommendation to serve and file written objections to the proposed findings of facts and conclusions of law and recommendations of this Magistrate Judge. If written objections to the Magistrate Judge's proposed findings of fact and recommendations are made, the District Judge will

make a *de novo* determination of those portions of the Report or specified proposed findings or recommendations to which an objection is made.

      **WHEREFORE,** the U. S. Magistrate Judge **RECOMMENDS** the Court adopt the above report and recommendation modifying Mr. Stringer's supervised release.

      **IT IS SO RECOMMENDED** this   09/04/2012

_____
Denise K. LaRue
United States Magistrate Judge
Southern District of Indiana

Distribution:

Winfield Ong,
Assistant United States Attorney
10 West Market Street, #2100
Indianapolis, IN 46204

Bill Dazey,
Office of the Indiana Federal Community Defender
111 Monument Circle, #752
Indianapolis, IN 46204

U. S. Parole and Probation

U. S. Marshal Service