UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Cause No. 1:04-CR-0177-JMS-TAB |
| | ) | |
| PRESTON D. STRINGER, | ) | |
| | ) | |
| Defendant. | ) | |

### ORDER

This matter is before the Court to conduct a hearing on the Petition for Warrant or Summons for Offender Under Supervision filed on October 31, 2012. Proceedings were held on November 9, 2012, in accordance with Rule 32.1 of the *Federal Rules of Criminal Procedure*.[1]

On November 9, 2012, Preston D. Stringer ("Stringer") appeared in person with appointed counsel, Joseph Cleary. The government appeared by Winfield D. Ong, Assistant United States Attorney. U. S. Parole and Probation appeared by Patrick Jarosh, U. S. Parole and Probation officer.

The Court conducted the following procedures in accordance with Rule 32.1(b)(2), Fed. R. Crim. P. and Title 18 U.S.C. § 3583:

---

[1] All proceedings were recorded by suitable sound recording equipment unless otherwise noted. *See,* Title 18 U.S.C. § 3401(e).

1. Mr. Stringer was advised of the nature of the violations alleged against him and acknowledged receipt of the notice of said allegations.

2. Copies of the Petition was provided to Mr. Stringer and his counsel, who informed the Court that they had read and understood the violations listed in the Petition and waived further reading thereof.

3. Mr. Stringer was advised of his right to a preliminary hearing and its purpose in regard to the alleged specified violations of his supervised release contained in the pending Petition.

4. Mr. Stringer was advised he would have a right to question witnesses against him at the preliminary hearing unless the Court, for good cause shown, found that justice did not require the appearance of a witness or witnesses.

5. Mr. Stringer was advised he had the opportunity to appear at the preliminary hearing and present evidence on his own behalf.

6. Mr. Stringer was advised that if the preliminary hearing resulted in a finding of probable cause that Mr. Stringer had violated an alleged condition or conditions of his supervised release set forth in the Petition, he would be held for a revocation hearing before the undersigned District Judge.

7. Mr. Cleary stated that Mr. Stringer would stipulate there is a basis in fact to hold him on the specifications of violations of supervised release set forth in the Petition. Mr. Stringer executed a written waiver of the preliminary hearing, which was accepted by the Court.

8. Mr. Stringer, through counsel, stipulated that he committed all the Violations in the Petition, 1 through 11, as set forth in the Petition for Warrant or Summons for an Offender Under Supervision, filed with the Court on October 31, 2012 as follows:

| Violation Number | Nature of Noncompliance |
|---|---|
| 1 | **"The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer."**<br><br>On July 27, 2012, the offender failed to follow the instructions of this probation officer by refusing to provide his current whereabouts. On August 30, 2012, the Court found the offender had violated this condition. The allegation is being re-alleged, as the offender's supervised release was modified and not revoked. |
| 2 | **"The defendant shall notify the probation officer at least ten days prior to any change in residence or employment."**<br><br>On July 27, 2012, the offender failed to provide at least ten days notice prior to moving. On August 30, 2012, the Court found the offender had violated this condition. The allegation is being re-alleged, as the offender's supervised release was modified and not revoked. |
| 3 | **"The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician."**<br><br>On July 22, 2012, the offender excessively consumed alcohol. On August 30, 2012, the Court found the offender had violated this condition. The allegation is being re-alleged, as the offender's supervised release was modified and not revoked. |
| 4 | **"The defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer."**<br><br>On July 28, 2012, the offender associated with a convicted felon without permission. On August 30, 2012, the Court found the offender had violated this condition. The allegation is being re-alleged, as the offender's supervised release was modified and not revoked. |
| 5 | **"The defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer."**<br><br>On July 27, 2012, the offender prevented this officer from completing a visit. On August 30, 2012, the Court found the offender had violated this condition. The allegation is being re-alleged, as the offender's supervised release was modified and not revoked. |

6      **"The defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer."**

On July 22, 2012, the offender failed to notify the probation officer of a law enforcement contact. On August 30, 2012, the Court found the offender had violated this condition. The allegation is being re-alleged, as the offender's supervised release was modified and not revoked.

On October 21 and 22, the offender was questioned by law enforcement. The offender also failed to notify this officer within seventy-two hours of these contacts.

7      **"The defendant shall be monitored by Radio Frequency (RF) Monitoring for a period of 6 months, to commence upon installation, and shall abide by all technology requirements. The defendant shall pay all or part of the costs of participation in the program as directed by the court or probation officer. This form of location monitoring technology shall be utilized to monitor the following restriction on the defendant's movement in the community as well as other court-imposed conditions of release. The defendant shall be restricted to his residence at all times except for employment; education; religious services; medical; substance abuse; or mental health treatment; attorney visits; court-ordered obligations; or other activities as pre-approved by the probation officer."**

On October 19, 2012, the offender was scheduled out for employment purposes. However, the offender had been suspended from his employment for calling off work too many times. The offender's whereabouts on October 19 from 5:30pm until 12:14am; and October 20 from 5:30pm until 5:30am on October 21 are unknown. The offender had not received permission for any other activities on these dates other than employment.

8      **"The defendant shall participate in a program of testing and/or treatment for substance abuse and shall pay a portion of the fees of treatment as directed by the probation officer."**

On August 30, 2012, the Court ordered the offender to enter a substance abuse treatment program. The offender opted to participate in a non-contract program in Kokomo, Indiana. He was instructed by the probation officer to contact the agency and enroll. The offender reported he contacted an agency, but never enrolled. As of this writing, the offender has failed to enroll into such a program.

9      **"While on supervised release, the defendant shall not commit another federal, state, or local crime."**

On October 21, 2012, the offender was arrested by the Howard County Sheriff's Office and charged with misdemeanor Domestic Battery under number 34D01-1210-CM-00971. The offender is currently being held on an $8,000 bond.

| | |
|---|---|
| 10 | **"The defendant shall refrain from the use of any alcohol.  This condition shall override standard condition #7."** |
| | According to police reports, the offender consumed alcohol on October 19, 20, and 21, 2012.  On October 24, 2012, the offender admitted consuming alcohol several times since his hearing on August 30, 2012. |
| 11 | **"While on supervised release, the defendant shall not commit another federal, state, or local crime."** |
| | On October 22, 2012, the offender was advised to have no contact with Sarah Gittings, his wife and alleged victim in the aforementioned Domestic Battery arrest.  On October 23, 2012, it was discovered the offender contacted her via telephone.  According to Howard County Sheriff's Office and Prosecutor's Office, a new misdemeanor charge for Invasion of Privacy will be filed against the offender. |

The Court placed Mr. Stringer under oath and directly inquired of Mr. Stringer whether he admitted the violation of the specifications of his supervised release set forth above.  Mr. Stringer stated that he admitted the above violations as set forth above.

9. The most serious grade of violation committed by Mr. Stringer constitutes a Grade C violation, pursuant to U.S.S.G. §7B1.1(b).

10. Mr. Stringer has suffered criminal convictions that yield a criminal history category of VI.

11. The term of imprisonment applicable upon revocation of Mr. Stringer's supervised release, therefore, is 8-14 months' imprisonment.  *See*, U.S.S.G. § 7B1.4(a).

12. The parties agreed that revocation of Mr. Stringer's supervised and imposition of a term of imprisonment of eight (8) months, followed by two (2) year of supervised release with the standard conditions of release as well as specific additional conditions was an appropriate disposition of the case.  The specific conditions of supervised release are: (1) Mr. Stringer shall provide the probation officer access to any requested financial information; (2) Mr. Stringer shall participate in a program of

  testing and/or treatment for substance abuse and pay a portion of the fees of treatment as directed by the probation officer; and (3) Mr. Stringer shall be subject to search of his person, vehicle, office/business, residence and property, to include computer systems and information, by the probation officer and to seizure of any contraband found including illegal drugs, weapons, and computer systems and information.  All original conditions of supervised release shall apply

13. The Court, having heard the admissions of the defendant, the stipulations of the parties, and the arguments and discussions on behalf of each party, **NOW FINDS** that the defendant, Preston D. Stringer, violated the above-delineated conditions in the Petitions.

14. You are hereby notified that the District Judge may reconsider any matter assigned to a Magistrate Judge pursuant to Title 28, U.S.C. §636(b)(1)(B) and (C) and Rule 72(b) of the Federal Rules of Civil Procedure.  You shall have within fourteen days after being served a copy of this Report and Recommendation to serve and file written objections to the proposed findings of facts and conclusions of law and recommendations of this Magistrate Judge.  If written objections to the Magistrate Judge's proposed findings of fact and recommendations are made, the District Judge will make a *de novo* determination of those portions of the Report or specified proposed findings or recommendations to which an objection is made.

  **WHEREFORE**, the U.S. District Judge **ORDERS** that Mr. Stringer's supervised release is therefore **REVOKED** and he is sentenced to the custody of the Attorney General or his designee for eight (8) months, with two (2) year of supervised release to follow.  While on supervised release, Mr. Stringer shall comply with the standard conditions of release as well as

specific additional conditions of supervised release: (1) Mr. Stringer shall provide the probation officer access to any requested financial information; (2) Mr. Stringer shall participate in a program of testing and/or treatment for substance abuse and pay a portion of the fees of treatment as directed by the probation officer; and (3) Mr. Stringer shall be subject to search of his person, vehicle, office/business, residence and property, to include computer systems and information, by the probation officer and to seizure of any contraband found including illegal drugs, weapons, and computer systems and information.  All original conditions of supervised release shall apply

      The Court requests that Patrick Jarosh, U. S. Parole and Probation Officer, prepare for submission, as soon as practicable, a supervised release revocation judgment, in accordance with these findings of facts, conclusions of law and this Order

      **IT IS SO ORDERED** this  12/06/2012

_____
Denise K. LaRue
United States Magistrate Judge
Southern District of Indiana

Distribution:

Winfield D. Ong
Assistant United States Attorney
Winfield.ong@usdoj.gov

Joe Cleary
Indiana Community Federal Defender
joe_cleary@fd.org

U. S. Parole and Probation

U. S. Marshal