UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Cause No. 1:04-cr-0177-JMS-TAB-1 |
| PRESTON D. STRINGER, | ) ) ) |
| Defendant. | ) |

### REPORT AND RECOMMENDATION

On October 9, 2014, the Court held a hearing on the Petition for Warrant or Summons for Offender Under Supervision filed on October 7, 2014. Defendant Stringer appeared in person with his appointed counsel, Mike Donahoe. The government appeared by Winfield Ong, Assistant United States Attorney. U. S. Parole and Probation appeared by Officer Patrick Jarosh.

The Court conducted the following procedures in accordance with Fed. R. Crim. P. 32.1(a)(1) and 18 U.S.C. § 3583:

1. The Court advised Defendant Stringer of his rights and provided him with a copy of the petition. Defendant Stringer waived his right to a preliminary hearing.

2. After being placed under oath, Defendant Stringer admitted the violations. [Docket No. 38.]

3. The allegations to which Defendant admitted, as fully set forth in the petition, are:

| Violation Number | Nature of Noncompliance |

1 **"The defendant shall report to the probation officer in a manner and frequency directed by the Court or probation officer."**

As previously report to the Court on April 22, 2014, the offender failed to submit monthly supervision reports for the months of September 2013, November 2013, and February 2014.

2 **"The defendant shall not refrain from the use of any alcohol. This condition shall override Standard Condition #7."**

On October 2, 2014, the offender returned to the Volunteers of America (VOA) 15 minutes late from his substance abuse counseling. The offender had a strong odor of alcohol and submitted to two breathalyzer tests. The initial test registered .053 percent BAC, and the follow-up exam, 15 minutes later, registered .049 percent BAC. He denied using any alcohol.

On October 3, 2014, the officer spoke with the offender regarding his positive breathalyzer tests the previous day. He denied using any alcohol. This officer also detected an odor of alcohol coming from the offender. The offender submitted to a breathalyzer and registered .005 percent BAC. The offender was tested again later and registered .009 BAC.

3 **"The defendant shall not commit another federal, state, or local crime."**

As previously reported to the Court on April 22, 2014, the offender was arrested and charged with Domestic Battery, a felony, in Howard County, Indiana, under docket number 34D01-1404-FD-00253. According to the Information, the offender allegedly hit his estranged wife, Sarah Gittings, in the face with his fist several times, while in the presence of their 10-month-old child.

On June 26, 2014, the offender pled guilty to Domestic Batter, a misdemeanor, in Howard County, Indiana, Superior Court 1. He was sentenced to 365 days, 146 days executed, and 219 days suspended. He was ordered to complete 219 days of supervised probation.

4 **"The defendant shall reside for a period of up to 180 days at a Residential Reentry Center (RRC) as directed by the probation officer and shall observe the rules of that facility."**

On August 18, 2014, the offender began his period at the RRC, as ordered by the Court in response to previous violations.

On September 16, 2014, the offender received a write-up for refusing to submit to a drug test and failing to surrender potential contraband.

On October 2, 2014, the offender returned to the Volunteers of America (VOA) 15 minutes late from his substance abuse counseling. The offender had a strong odor of alcohol and submitted to two breathalyzer tests. The initial test registered .053 percent BAC, and the follow-up exam, 15 minutes later, registered .049 percent BAC. He denied using any alcohol.

On October 3, 2014, this officer spoke with the offender regarding his positive breathalyzer the previous day. He denied using any alcohol. This officer detected an order of alcohol coming from the offender. The offender submitted to an RRC breathalyzer and registered .005 BAC, and later, the offender would submit to another breathalyzer test and register .009 percent BAC. Use of alcohol is a violation of the RRC rules and requirements.

4. The parties stipulated that:

    (a) The highest grade of violation is a Grade C violation.

    (b) Defendant's criminal history category is IV.

    (c) The range of imprisonment applicable upon revocation of supervised release, therefore, is 6-12 months' imprisonment.

5. The Government recommended a sentence of twelve (12) months with no supervised release to follow. Defendant asked to return to VOA for a period of time with supervised release follow.

The Magistrate Judge, having considered the factors in 18 U.S.C. § 3553(a), and as more fully set forth on the record, finds that the Defendant violated the conditions in the petition, that his supervised release should be revoked, and that he should be sentenced to the custody of the Attorney General or his designee for a period of twelve (12) months and one (1) day, with no supervised release to follow. The offenses are mitigated somewhat by the fact that Defendant accepted responsibility for his actions and

acknowledged he has a problem with alcohol. However, Defendant has been given numerous opportunities to comply with the conditions of his release and has utterly failed. The offenses Defendant committed while on supervised release are serious, including not just alcohol-related offenses, but also domestic violence. Moreover, Defendant has demonstrated that he is unable to comply with the rules at the Volunteers of America by refusing to submit to drug tests, refusing to surrender contraband, and reporting to the facility under the influence. Moreover, Defendant has failed to keep his probation officer informed of his activities as required by the terms of his supervision. These facts, as more fully explained at the hearing, justify a sentence at the higher guideline range and support the conclusion that upon completion of his sentence no further supervision shall be ordered. The Magistrate Judge recommends that the Bureau of Prisons provide Defendant with appropriate substance abuse counseling.

The Defendant is to be taken into custody immediately pending the District Judge's action on this Report and Recommendation.

The parties are hereby notified that the District Judge may reconsider any matter assigned to a Magistrate Judge. The parties have fourteen days after being served a copy of this Report and Recommendation to serve and file written objections with the District Judge.

Dated: October 15, 2014

_____
Tim A. Baker
United States Magistrate Judge
Southern District of Indiana

4

Distribution:

All ECF-registered counsel of record via email generated by the court's ECF system

United States Probation Office, United States Marshal